## THE CHICAGO AND ALTON RAILROAD COMPANY

*v.*

## THE BOARD OF SUPERVISORS OF LIVINGSTON COUNTY.

1.    TAXATION—*property must be assessed upon an uniform basis.* Under the constitutional provision requiring that taxes shall be uniform, where the property belonging to individuals in a county has been assessed at less than its actual value, railroad property in the same county must not be assessed at any greater per cent of its value. The proportion the assessment bears to the actual value must be uniform upon every species of property, whether owned by natural persons or corporations.

2.    SAME—*list of real estate of railroads includes improvements.* The statute of 1855, which required railroad companies to return a schedule

---

*Therese LaFrambois died while this appeal was pending and her administrator substituted as a party.

setting forth "the actual value of each lot or parcel of land, including the improvements thereon, except track or superstructure of said road," did not require the value of the improvements to be set forth separately from the land, but the value of the land including the improvements.

Appeal from the Circuit Court of Livingston county; the Hon. Charles H. Wood, Judge, presiding.

Mr. L. E. Payson, for the appellant.

Mr. A. E. Harding, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an appeal from the judgment of the circuit court of Livingston county, affirming an order of the board of supervisors of that county, increasing the valuation of the property of appellant, as described in the schedule or list of its taxable property for the year 1871.

In April, 1871, appellant filed in the office of the county clerk of Livingston county its schedule, prepared in accordance with the provisions of the act of February 14, 1855, Laws of 1855, p. 35, arranging its property as required, under the three separate classes of "real property," "fixed and stationary personal property," and "personal property," with its valuation of each. At the meeting of the board of supervisors, in September, 1871, the following action was had. The committee to whom was referred the subject of railroads made this report: "We have assessed the property of the Chicago and Alton Railroad as follows: Their stations at the figures given in by their schedule, all other property of said company at double the rates given in by that company," which report was adopted by the board. The company appealed to the circuit court, where the assessment made by the board of supervisors was affirmed, from which judgment of the circuit court this appeal was taken by the company.

Prior to the commencement of the trial below, the attorney for appellant stated to the court that appellant was satisfied

with the assessment of its "real property," as made by the board; that no question would be made as to that. It was then admitted that the basis of assessment by the township assessors of the county for the year 1871, was one-third of the cash value of the property assessed.

The appellant then made proof of the value of its two species of property named in its schedule as "fixed and stationary personal property," and "personal property," and there was no other evidence on this question. One-third of the valuation so proved would make the valuation which had been placed by appellant on the property in its schedule. So the evidence shows the valuation returned by the company to have been a fair and correct one, on the basis of one-third of the actual value. Yet the board doubled this valuation, so that the property of this company was assessed at two-thirds of the actual value, while that of natural persons in the county was assessed at only one-third of its actual value.

This can not be done under our constitution. Taxation must be uniform. There can be no discrimination against persons; they must be taxed alike. *Bureau County* v. *Chicago etc. R. R. Co.* 44 Ill. 220; *Chicago and N. W. R. R. Co.* v. *Boone County,* id. 240; *Darling* v. *Gunn, etc.* 50 id. 424.

In the first cited case it was held, that where the property belonging to individuals in a county has been assessed at less than its actual value, the constitutional rule of uniformity forbids that the property of a railroad company in such county should be assessed upon any greater per cent of its value than that of individuals.

The only attempted justification of this discrimination in the argument of appellee's counsel is this: He asserts that the company has failed to furnish a full list of all its property and of its value, and that therefore it can not be said that appellant will, as assessed by the board, pay more taxes on *all* its property in the aggregate than natural persons in the county owning the same amount of property in value, and that so long as it does not pay more than its proportionate

amount of taxes on all its property in the aggregate, the principle of uniformity is not violated. The only pretense of any omission by the company is in respect to the "real property" and "personal property." There is no *evidence* of any omission in respect to real property; and the only one suggested is, that the real estate of the corporation is described as a strip of land, etc., containing $355\frac{47}{100}$ acres, valued at $10 per acre, and the value of the *improvements thereon* is not annexed. The statute provision in this respect is, that the schedule shall set forth "the actual value of each lot or parcel of land, including the improvements thereon, except the track or superstructure of said road." This does not require the value of such improvements to be set forth separately from the land, but the value of the land including the improvements thereon; and giving the value of the land does give the value of the improvements as a part of the land.

The valuation of this real estate was doubled by the board of supervisors. The appellant was content with that, and no question or proof was made in regard to it. The board of supervisors' assessment of it must be taken as correct, and nothing pertaining to the "real property" should affect the assessment of the two other species of property.

The only alleged omission in the company's return of its personal property, was the failure to list sleeping and dining cars.

There was some vague evidence that such cars were run on the road. The evidence left it uncertain whether they belonged to the company, and there was no evidence whatever as to their number.

The testimony furnished no basis upon which to increase the valuation of the "personal property" one hundred per cent. And it may be here observed that the personal property was scheduled by the company at *more* than one-third of its actual value—$60,000 more, according to the evidence, to save fractions in the calculations in distributing the valuation over the road in the different counties, towns, etc.

This is all that is presented in the way of justification of the discrimination in this case against this company. There is certainly an apparent discrimination.

The company seems to be disproportionately taxed. It is incumbent on the appellee to explain this. This can not be sufficiently done by surmise and conjecture that a portion of the company's property may have been kept back and not returned for taxation, and that perhaps, in view of all the property it may own, it will not have to bear more than its proportional burden of taxation. There must be proof to justify such an apparent unequal assessment. It does not exist here.

Further as to the " fixed and stationary personal property," not only is there no pretense of a failure to list any property of this description, but, as said in *Maus* v. *Logansport, P. and B. R. R. et al.* 27 Ill. 77, this is a new species of property, created by the legislature, made distinct from all other property, and assessed and valued as such, and is made by the law to bear its own burdens, and the lands and personal property are not made liable for the taxes assessed upon this kind of property. This is an additional reason why the valuation of this species of property should not have been increased because of any alleged deficiency in respect to the other descriptions of property.

Through inadvertence, there seems to have been an error in the assessment with regard to the station houses. The board resolved not to increase the company's valuation of them.

The aggregate valuation of the " fixed and stationary personal property," as made by the company, included the valuation of the station houses. The board, in the assessment as actually made by them, double this aggregate valuation of the company, which included the station houses, and then add the valuation of the station houses as given by the company in its schedule, thus really assessing the station houses thrice the amount the board expressed themselves as intending to do.

Reversed and remanded.                *Judgment reversed.*